**FILED**

JUN 0 5 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| RODNEY A. EDMUNDSON, | CV 07-53-H-DWM-RKS |
| Petitioner, | |
| vs. | ORDER |
| WARDEN MIKE MAHONEY; BOARD OF PARDONS AND PAROLE, | |
| Respondents. | |

Petitioner Edmundson has filed a Petition for Writ of Habeas Corpus challenging the decision by the Montana Board of Pardons and Parole to deny his parole application on March 30, 2006, and to defer for three years the Board's review of his suitability for parole. Prior to filing his federal petition Edmundson raised the issue in a petition for writ of habeas corpus before the Montana Supreme Court, which was denied.

United States Magistrate Judge Keith Strong conducted

-1-

preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge. Judge Strong notes that the Petition may be time-barred, not properly exhausted, and procedurally defaulted.

Judge Strong does not recommended dismissal on any of these procedural bases, however, because of his conclusion that Petitioner Edmundson has failed to allege a violation of the Constitution or laws of the United States. Judge Strong notes that there has been no change in the regulation governing parole since Petitioner's conviction, and explains that it is not a violation of federal law for the Board to set a three-year interval before reviewing his application. Judge Strong finds that the Board's decision to refuse parole is supported by the evidence in the record. Finally, Judge Strong concludes that the Department of Corrections' decision to place Petitioner at Montana State Prison, as opposed to an alternative facility, does not constitute an Equal Protection Clause violation. Because he concludes that Petitioner is not entitled to relief, Judge Strong recommends dismissal of the Petition and denial of a certificate of appealability.

Petitioner did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Petition is DISMISSED WITH PREJUDICE for failure to state a violation of federal law, and a certificate of appealability is DENIED.

DATED this ___ day of June, 2008.

Donald W. Molloy, District Judge
United States District Court